**UNITED STATES of America,**
**Appellee,**

v.

**John BROCATO and Albert Brocato,**
**Appellants.**

**No. 20433.**

United States Court of Appeals,
Eighth Circuit.

Feb. 26, 1971.

Willard B. Bunch and Gary Haggerty, Legal Aid & Defender Society of Greater Kansas City, Kansas City, Mo., on brief for appellants.

Bert C. Hurn, U. S. Atty., Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., on brief for appellee.

Before MATTHES, Chief Judge, CLARK, Associate Justice,* and BRIGHT, Circuit Judge.

PER CURIAM.

In this case, John and Albert Brocato appeal their convictions for knowingly possessing property stolen from an interstate shipment in violation of 18 U.S.C. § 659. They claim that the evidence was insufficient to show possession and that the trial court erred in giving an instruction which permitted the jury to infer defendants' guilty knowledge from their possession of recently stolen property. We find these claims lacking in merit.

The evidence showed that 280 Singer nine-inch portable television sets being transported in interstate commerce disappeared from a truck during the morning of November 6, 1969, at Kansas City, Missouri. Two days later, approximately 100 of the sets were seen in the storage area of a Bertsch and Vegder store located at 9401 Blue Ridge Boulevard, Kansas City, Missouri. This firm did not sell Singer television sets.

The evidence further shows that appellant Albert Brocato leased a Ford Econoline rental truck on November 8, 1969, and that appellant John Brocato drove the truck to the Bertsch and Vegder store that afternoon, where he talked with Anthony LaTore, the store manager. FBI agents placed the store under surveillance that day. The next day, Sunday, November 9, Anthony LaTore opened the store and he and the two appellants proceeded to load some of the television sets into the leased truck. FBI agents then arrested the three men and found 55 television sets present: 15 in the truck, 5 on the loading dock and 35 in the storage area of the store.

Subsequently, the three arrested persons were indicted for unlawfully possessing chattels of a value in excess of $100.00, that is, 55 Singer nine-inch television sets, which had been stolen from an interstate shipment. The LaTore prosecution was severed from that against these appellants.

■ The evidence in this case clearly shows that appellants exercised dominion and thus possessed the property in question within the meaning of the statute. See United States v. Francisco, 410 F.2d 1283 (8th Cir. 1969).

Moreover, we have repeatedly upheld instructions which permit an inference of guilty knowledge from possession of recently stolen property. Teel v. United States, 407 F.2d 604 (8th Cir. 1969); Sewell v. United States, 406 F.2d 1289 (8th Cir. 1969). See Judge Lay's opinion in United States v. Jones, 418 F.2d 818 (8th Cir. 1969), for a detailed discussion of the historical antecedents of these instructions.

■ The trial court in this case phrased the instruction as follows:

You are instructed that possession of property recently stolen, if not satisfactorily explained, is a circumstance from which you, the jury, may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, if you so find, that the person in possession knew the property had been stolen.

\* \* \* \* \* \*

Possession may be satisfactorily explained by facts and circumstances in evidence independent of any testimony or other evidence from any accused.

Pursuant to this instruction, the appellants might have explained the circumstances of their possession of the stolen property in question. John Brocato, however, contends that his prior felony conviction stood in the way of his taking the stand in his own defense. Thus, he argues, the giving of the instruction infringed upon his right against self-incrimination.

■ Such contention is without merit in this case. Appellants could have pre-

* The Honorable Tom C. Clark, Retired Associate Justice of the United States Supreme Court, sitting by special designation.

sented evidence other than their own testimony to explain the circumstances; yet neither appellant produced any affirmative evidence. Albert Brocato, whose conduct was entwined with that of John Brocato, declined to take the stand, although he apparently possessed no prior criminal record. Thus, appellant John Brocato demonstrates no infringement of his Fifth Amendment right against self-incrimination.

Accordingly, we affirm.