**UNITED STATES of America,**
**Appellee,**

v.

**Edward Russell WATSON, Appellant.**
**UNITED STATES of America,**
**Appellee,**

v.

**Charles WHITNEY, Appellant.**

**Nos. 20668, 20656.**

United States Court of Appeals,
Eighth Circuit.

Nov. 1, 1971.

Robert A. Hampe, St. Louis, Mo., for appellants.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., Daniel Bartlett, Jr., U. S. Atty., for appellee.

Before GIBSON and ROSS, Circuit Judges, and EISELE, District Judge.*

---

* United States District Judge, Eastern District of Arkansas, sitting by designation.

PER CURIAM.

Defendants appeal from a judgment by the United States District Court for the Eastern District of Missouri based upon a jury verdict which found them guilty of the offense of possessing goods stolen from interstate commerce.

Two issues are raised on appeal. First, that the court erred in permitting the government to improperly use prior inconsistent statements in the examination of one of its own witnesses. Second, that the court erred in instructing the jury as to the inferences that may be drawn from the possession of property recently stolen.

There is no merit in appellants' second argument. While such standard instructions may, through experience, sometimes be improved upon,[1] the use of the instruction here was not error. It has, in fact, been approved by this Court.

See United States v. Brocato, 437 F.2d 1157 (8th Cir. 1971).

With regard to the first issue, appellants specifically contend that they were prejudiced by the government's use of prior inconsistent statements in the examination of one of its own witnesses, Miss Gladys Watson, the sister of the two defendants.

The general rule is that a party cannot impeach its own witness without showing first, "surprise", and, second, "affirmative damage". See Goings v. United States, 377 F.2d 753 (8th Cir. 1967); Randazzo v. United States, 300 F. 794 (8th Cir. 1924); United States v. Dunmore, [United States v. Johnson] 446 F.2d 1214 (8th Cir. 1971). Appellants do not, however, contend that the trial court erred in permitting the government to impeach Miss Watson. Rather, they contend that the court

---

1. The pertinent portion of Judge Harper's instruction, which is almost verbatim from Mathes and Devitt's Federal Jury Practice and Instructions, is as follows:

> "Possession of property recently stolen, if not satisfactorily explained, is a circumstance from which the jury may reasonably draw the inference and find in the light of surrounding circumstances that the person in possession knew the property had been stolen.
>
> "The same inferences may reasonably be drawn from a false explanation of possession of property recently stolen.
>
> "The term 'recently' is a relative term which has no fixed meaning. Whether property may be considered as recently stolen depends upon the nature of the property and all the facts and circumstances shown by the evidence. The longer the period of time since the theft, the weaker the inference which may be drawn from unexplained possession.
>
> "In considering whether possession of recently-stolen property has been satisfactorily explained, the jury will bear in mind that in the exercise of constitutional rights the accused need not take the witness stand and testify. Possession may be satisfactorily explained through other circumstances, other evidence, independent of any testimony of the accused." (Page 280 of transcript.)

Mr. Justice Stewart, speaking for the majority in United States v. Gainey, 380 U.S. 63, 70, 85 S.Ct. 754, 759, 13 L.Ed. 2d 658 (1964), commenting on a similar instruction, said:

> "Furthermore, in the context of the instructions as a whole, we do not consider that the single phrase 'unless the defendant by the evidence in the case and by proven facts and circumstances explains such presence to the satisfaction of the jury' can be fairly understood as a comment on the petitioner's failure to testify." Cf. Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257.

and in the footnote to that statement, 380 U.S. at page 71, 85 S.Ct. at page 759, added:

> "Indeed the better practice would be to instruct the jurors that they may draw the inference unless the *evidence in the case* provides a satisfactory explanation for the defendant's presence * * *." (Emphasis added.)

A similar modification here might in turn avoid any possible conflict between the possession instruction and the omission, where requested by the defendant, of the standard instruction on self-incrimination. See Schuermann v. United States, 8 Cir., 174 F.2d 397, 401 (1949), and Caton v. United States, 8 Cir., 407 F.2d 367, 375 (1969).

erred in not making it clear to the jury that the use and effect of the allegedly prior inconsistent statement, under the circumstances of this case, must be limited and restricted to such impeachment purposes. By not so restricting its use and effect, the jury, appellants contend, was left free to consider it, and the normal inferences therefrom, as evidence bearing upon the merit-issues.

By calling Miss Watson, the government obviously intended to establish that Charles Whitney had given her several pairs of shoes, the objects of the crime; that she heard the appellants talking about hiding the shoes; and that she knew when the shoes came into the possession of the appellants. During direct examination, however, she was evasive and did not respond to questions as anticipated. The government thereupon produced a written statement, signed by Miss Watson, which tended to establish those facts and proceeded to impeach her and to question her as if on cross-examination. Even though the prior written statement was never received or read to the jury, the government effectively suggested its contents to the jury.

Even if the trial court erred in not properly instructing the jury as to the limited purposes for which the government could properly question Miss Watson about the statement, Ellis v. United States, 138 F.2d 612 (8th Cir. 1943); Slade v. United States, 267 F.2d 834 (5th Cir. 1959), we are nevertheless convinced that the error was harmless in this case. Kotteakos v. United States, 328 U.S. 750, 764, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); United States v. Dunmore, 446 F.2d 1214 (8th Cir. 1971).

The Court has reviewed the entire record. Any inferences that may have been drawn by the jury from the improper use of the alleged prior inconsistent statement of Miss Watson would have been merely cumulative to the very substantial competent evidence otherwise introduced in the proceeding.

Affirmed.