**Nathaniel VINCENT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 73–1666.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1973.

Decided Dec. 18, 1973.

Nathaniel Vincent, pro se.

Donald J. Stohr, U. S. Atty., and Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., on brief for appellee.

Before GIBSON and ROSS, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

Nathaniel Vincent was convicted under count one of an indictment for unlawfully carrying a quantity of heroin from New York to St. Louis County on

---

* The Honorable Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

September 19, 1963, in violation of 26 U.S.C. § 4724(b):

> Except as otherwise provided in this subsection, it shall be unlawful for any person to send, ship, carry, or deliver narcotic drugs from any State or Territory or the District of Columbia, or any insular possession of the United States, into any other State or Territory or the District of Columbia, or any insular possession of the United States. Nothing contained in this subsection shall apply—
>
>> (1) to any person who shall have registered and paid the special tax as required by sections 4721 and 4722;
>
> \*　\*　\*　\*　\*　\*

He was also convicted under count two for concealing the same drug on that date, knowing it to have been illegally imported, in violation of 21 U.S.C. § 174. A sentence of ten years' imprisonment was imposed on each count to be served consecutively for a total term of twenty years. That conviction and sentence were affirmed by this Court in Vincent v. United States, 337 F.2d 891 (8th Cir. 1964).

Vincent thereafter brought this 28 U.S.C. § 2255 motion seeking to vacate the sentence imposed on the 26 U.S.C. § 4724(b) violation on the grounds that the statute violates his privilege against self-incrimination as provided by the Fifth Amendment. The district court denied Vincent's motion. This appeal followed.

During the course of his incarceration, Vincent has brought nine motions to set aside his conviction under the above charges. This is the third such attempt, under 28 U.S.C. § 2255, to raise the constitutionality of the statutes under which he was convicted, relying on Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969),[1] and Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969). The most recent consideration of this cause was in Vincent v. United States, No. 70 C 109(2) (E.D.Mo., May 5, 1970). Therein the district court considered the constitutional claim which Vincent asserts here and dismissed Vincent's motion to vacate his sentence on the merits of the claim. That district court order was not appealed.

28 U.S.C. § 2255, in part, provides:

> The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

The Supreme Court has summarized the rules which bar consideration of section 2255 petitions raising grounds decided once before in a federal collateral action. In Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the Court said that a federal court may give controlling weight to the denial of the prior application when:

> (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

*Id.* at 15, 83 S.Ct. at 1077.

Under these criteria, the district court was privileged to give controlling weight to the prior adverse determinations. Vincent's successive application for similar relief was properly dismissed. See Patrick v. United States, 466 F.2d 502 (8th Cir. 1972); Young v. United States, 457 F.2d 800 (8th Cir. 1972).

For the reasons hereinbefore set forth, the judgment of the district court is affirmed.