**Charles WHITNEY and Edward Russell Watson, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 74–1239.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1974.

Decided Nov. 25, 1974.

Charles Whitney and Edward Russell Watson, pro se.

Donald J. Stohr, U. S. Atty., and Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

The issue on this appeal is whether the district court erred in denying without a hearing appellants' motion to vacate sentence under 28 U.S.C. § 2255 (1970). We have carefully reviewed each of the points raised by appellants in support of this contention and affirm the lower court's denial of relief.

Appellants Whitney and Watson, half-brothers, were found guilty by a jury in 1970 of possession of merchandise stolen while in interstate commerce, a violation of 18 U.S.C. § 659 (1970). They received sentences of ten and five years, respectively. On direct appeal to this court those convictions were upheld. United States v. Watson, 450 F.2d 290 (8th Cir. 1971), cert. denied, 405 U.S. 993, 92 S.Ct. 1266, 31 L.Ed.2d 462 (1972).

Subsequently, appellants submitted a joint pro se petition seeking vacation of sentence under § 2255. While the motion on its face purported to have been signed and verified by both men, the district court found that on the date of the verified signing, Whitney was incarcerated at a federal prison in Indiana, and Watson was in a federal detention facility in Oklahoma. In addition, it was noted by the court that all papers filed after the original petition bore only Whitney's signature. In view of these apparent irregularities, the fact that a joint § 2255 filing was unprecedented, and the realization that some of the allegations would require consideration of different facts with respect to each appellant, the district court treated the motion as having been made by Whitney alone.

On the merits of the petition the trial court reduced appellants' thirty alleged errors of law into nine general assertions. Six of these were held to be beyond the proper scope of § 2255 review. The other three were given detailed consideration and found to be without merit on the basis of the petition, the record, and the files of the case. As a result of this finding, the motion was dismissed without a hearing. 28 U.S.C. § 2255 (1970). This appeal followed.

Initially we consider the district court's refusal to treat the motion as a joint petition for relief. Based on the facts outlined above, we are not prepar-

ed to say that the district court erred. Neither the language of the statute nor its extensive interpretative history suggests that a joint petition of this nature is allowed.[1] In addition, the dismissal as to Watson did not prejudice him or prevent him from seeking individual § 2255 relief in the future. Thus we believe that this decision was within the realm of the district court's discretion.

However, in the interest of judicial economy, this court will consider Watson's contentions in addition to those made by Whitney. The record in this case is common to both men, as is the specific crime charged. The only allegation that must be considered as to Watson alone is that of ineffective assistance of counsel at the joint trial.

█ Appellants contend that the searches in the instant case which resulted in the discovery of the contraband were illegal. By virtue of the Supreme Court's holding in Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), search and seizure issues are cognizable in § 2255 proceedings even if they were not raised on direct appeal. The challenged search of 3427 Arlington was performed pursuant to a search warrant. The search of 3437 Arlington was carried out following the acquisition of a signed consent to search from the owner of the property. After careful review of the record we have concluded that neither questioned search affords a basis for § 2255 relief.

The record reveals that when the search warrant for 3427 Arlington was served upon the owner of the property by an FBI agent, appellant Whitney was present and apparently read the warrant. Shortly after witnessing this warrant's execution, Whitney proceeded to the nearby 3437 address. Approximately one hour later, smoke began to pour out of the basement of that residence. FBI agents who had been watching the house entered the back yard at once and soon

thereafter observed firemen carrying from the basement charred boxes of shoes and boots, the type of merchandise believed to be in appellants' possession. Upon seeing the possible contraband, the agents obtained a signed consent from Mrs. Watson, mother of appellants and owner of the property, and proceeded to search the premises. The search uncovered literally hundreds of boxes of stolen shoes stored in a false ceiling in the basement where the fire began, in the garage, and elsewhere in the house. Appellants were both in their mother's home when the fire began.

Appellants now contend that the issuance of the search warrant was based on false information in the underlying affidavit of the FBI agent and that the consent to search was obtained through coercion. However, we do not reach the merits of these claims of illegality. In our view, appellants have waived the right to challenge either of these searches. Trial counsel for appellants did not contest the searches by seeking a motion to suppress, by making an evidentiary objection at trial, or by means of direct appeal. If appellants were motivated by discernible considerations of trial strategy, such a deliberate bypass of procedures will result in a waiver. Henry v. Mississippi, 379 U.S. 443, 449–52, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The Supreme Court in Kaufman, supra, clearly stated that a defendant could waive the right to challenge a search in a § 2255 motion. 394 U.S. at 227 n. 8, 89 S.Ct. 1068. See also Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1062–66, 1106 n. 70 (1970).

█ The critical prerequisite to a finding of waiver in these circumstances is that counsel's failure to act was a deliberate bypass of a known right. This court in Pope v. Swenson, 395 F.2d 321, 326 (8th Cir. 1968), observed that a waiv-

---

1. The record reveals that on March 7, 1974 Edward Watson gave an apparently valid power of attorney to Charles Whitney authorizing him to act in his behalf in this § 2255 proceed-

ing. This action was certainly an effective expression of Watson's intent, but it came after all papers had been filed and does not affect the propriety of the district court's decision.

er will result when "the record is clear * * * that counsel knowingly, strategically and certainly not inadvertently waived objection * * * in the presence of the defendant." Even if counsel's choice of strategy subsequently backfires, the waiver is binding on the defendant in all but the most exceptional situations. *Henry, supra*, 379 U.S. at 451–52, 85 S.Ct. 564. *See also* Nelson v. California, 346 F.2d 73, 81–82 (9th Cir.), cert. denied, 382 U.S. 964, 86 S.Ct. 452, 15 L.Ed.2d 367 (1965).

■ Our examination of the record indicates that the failure to here object was a deliberate and strategic choice by appellants' counsel. The appellants' defense was premised on the concept that possession, an essential element of the crime charged, was not shown by the evidence. Counsel could have believed that if they unsuccessfully objected to the searches at trial, they would have been admitting a possessory interest in the searched premises where the contraband was found. In addition, counsel may have felt that there was little likelihood of success in attacking either the search warrant or the consent to search. In either case, the record clearly reveals a deliberate decision not to object.

On one occasion during the trial a defense attorney objected to testimony which was being offered by the government as a foundation for the introduction of the signed consent to search form into evidence. The basis for the objection was that since the search was "not binding upon either defendant," the circumstances surrounding the acquisition of that consent were irrelevant.[2] Then, when the court seemed to be on the verge of overruling the relevancy objection in view of the fact that the owner of the searched property was already on the witness stand, counsel quickly conceded the validity of the consent search and stated to the court: "What point

does it prove that the search was a good search when it's not being objected to?"

The exchange between defense counsel and the court at this point demonstrates that appellants' counsel deliberately bypassed their opportunity to object to the searches in this case. Even though unsuccessful in the final analysis, this choice of strategy amounted to a waiver that binds both appellants and precludes consideration of their substantive search and seizure claims by this court. *Pope, supra*, 395 F.2d at 326.

Appellants next contend that they were ineffectively represented by counsel. It is specifically alleged that the failure to move for suppression of the evidence, the lack of a pre-trial investigation, the inadequate cross-examination of witnesses, and the fact that no defense witnesses were called at trial demonstrate constitutionally insufficient legal representation. We agree with the district court's finding, based on the record, that each of these specific contentions lacks merit.

■ The failure to seek suppression of the evidence produced by the searches of 3427 and 3437 Arlington has been fully discussed. We will not now pass judgment on deliberate decisions by counsel. The allegations regarding the absence of proper pre-trial investigation and the inadequate cross-examination of government witnesses are totally rebutted by the trial transcript in which the preparation and skill of both defense attorneys is readily apparent. Finally, the lack of defense witnesses is attributable to the strength of the government's case and to the use of a defense based on the ground that the government's evidence failed to show actual possession of the contraband by appellants.

■ Counsel is presumed to be competent. Crowe v. South Dakota, 484 F.2d 1359, 1361 (8th Cir. 1973), cert. denied, 415 U.S. 927, 94 S.Ct. 1435, 39

---

**2.** Neither appellant was present at 3437 Arlington when the FBI agents obtained the consent from Mrs. Watson. However, since appellant Whitney personally witnessed the serving of the search warrant at 3427 Arlington, counsel apparently felt that a similar relevancy objection to the introduction of testimony regarding that event could not have been made in good faith.

L.Ed.2d 485 (1974). In Garton v. Swenson, 497 F.2d 1137, 1139 (8th Cir. 1974), we observed that the appellant, especially in a collateral proceeding, bears a heavy burden in proving inadequacy of counsel. Since the record in the present case does not indicate any actionable failure of duty by either counsel which prejudiced appellants, the claim of ineffective assistance of counsel is lacking in merit. McQueen v. Swenson, 498 F.2d 207, 218 (8th Cir. 1974).

■ The final substantive allegation that we consider on this appeal is the claim that the trial transcript was falsified or improperly altered. The district court found that the transcript was corrected in order to comply with court reporter's original notes. In addition, it was found that these corrections were made prior to certification of the transcript. We agree with these findings and with the judge's conclusion that this allegation is without merit.

■ Appellants raised six other general allegations of error in their § 2255 motion. None of these was properly before the district court for review. The contentions regarding improper impeachment of prosecution witnesses by the government and errors in the instructions to the jury were raised on direct appeal and answered by this court in United States v. Watson, 450 F.2d 290, 291–92 (8th Cir. 1971). No relitigation of these issues is permitted. Vincent v. United States, 488 F.2d 1109, 1110 (8th Cir. 1973); Young v. United States, 457 F.2d 800 (8th Cir. 1972).

■ Similarly, in view of their nature and the non-specific factual manner in which they have been presented, the court may not now entertain appellants' contentions regarding: insufficiency of the evidence to justify a conviction, Bram v. United States, 302 F.2d 58, 60 (8th Cir.), cert. denied, 371 U.S. 926, 83 S.Ct. 295, 9 L.Ed.2d 233 (1962); the legality of Whitney's arrest, Cox v. United States, 351 F.2d 280, 281 (8th Cir. 1965); the insufficiency or procedural defectiveness of the indictment, Scalf v. Bennett, 408 F.2d 325, 328 (8th Cir.), cert. denied,

396 U.S. 887, 90 S.Ct. 175, 24 L.Ed.2d 161 (1969); Keto v. United States, 189 F.2d 247, 249 (8th Cir. 1951); and the knowing use of perjured testimony by the prosecution, Derringer v. United States, 441 F.2d 1140, 1141–42 (8th Cir. 1971); Holt v. United States, 303 F.2d 791, 794 (8th Cir. 1962), cert. denied, 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1963); Taylor v. United States, 229 F.2d 826, 832 (8th Cir.), cert. denied, 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500 (1956).

The motion, record, and files of this § 2255 action reveal that appellants' contentions were properly found to be without merit and did not require an evidentiary hearing.

Affirmed.