**Charles WHITNEY, Petitioner,**

v.

**. UNITED STATES of America,
Respondent.**

**No. 76–1118C(2).**

United States District Court,
E. D. Missouri, E. D.

Dec. 7, 1976.

---

Charles Whitney, pro se.

Barry A. Short, U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM

REGAN, District Judge.

This motion filed pursuant to Section 2255, 28 U.S.C. has been transferred to this Court for consideration. It is the third such

motion in which petitioner urges ineffective assistance of retained counsel as a ground for vacating his 1970 conviction of violating Section 659, 18 U.S.C. (possession of goods stolen from an interstate shipment having a value in excess of $100). The conviction was affirmed in *United States v. Whitney*, 450 F.2d 290 (8 Cir. 1971), cert. denied 405 U.S. 993, 92 S.Ct. 1266, 31 L.Ed.2d 462 (1972). Petitioner is presently serving the 10 year sentence of imprisonment which Judge Harper imposed upon him.

Each of the two previous Section 2255 motions were ruled by Judge Harper. His order denying relief on the first motion was affirmed in *Whitney v. United States*, 513 F.2d 326 (8 Cir. 1974). After full consideration, the Court of Appeals held that petitioner's "claim of ineffective assistance of counsel is lacking in merit." Petitioner's second Section 2255 expanded upon his claim of ineffective assistance of counsel, but basically it set forth nothing which was not known to petitioner when his first motion was filed. In denying relief, Judge Harper held:

"We fail to find that Whitney's new castigations made against his attorney give us any reason to reconsider the language of the Eighth Circuit Court of Appeals in its prior observations of Whitney's counsel. We are given no positive facts which would lead us to believe that the ends of justice would be served by the reanalysis of this alleged incompetence of counsel." Other contentions which are comprehended within the present motion were held equally without substance. No appeal has been taken from Judge Harper's order denying relief.

In his present motion, petitioner reargues at length his claim of ineffective assistance, contending inter alia that the "new law enunciated in the case of *United States v. Easter*, 539 F.2d 663 (8 Cir. 1976) and its progenies" require reexamination of the question. We do not agree. The *Easter* case held,

▆ "As we perceive the standard established in our prior decisions it is that trial counsel fails to render effective assistance when he does not exercise the customary

skills and diligence that a reasonably competent attorney would perform under similar circumstances." (Emphasis supplied). Unlike the instant case, *Easter* involved an attorney wholly inexperienced in criminal law cases and who apparently had made no effort to familiarize himself with the conduct of such a case. Of course, a defendant is entitled to effective representation from experienced counsel. However, nothing in the earlier rulings on petitioner's motions indicates otherwise.

▆ Section 2255 specifically provides that the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. In the present case, the grounds now asserted have twice been ruled adversely to petitioner by the district court and once by the Court of Appeals, each time on the merits. In addition, petitioner has failed to appeal the second adverse ruling. A successive motion is not a substitute for an appeal. Our examination of the record convinces us that the ends of justice would not be served by reaching the merits again. See *Peterson v. United States*, 493 F.2d 478 (8 Cir. 1974); *Peterson v. United States*, 508 F.2d 1222 (8 Cir. 1975); and *Vincent v. United States*, 488 F.2d 1109 (8 Cir. 1973). And cf. *United States ex rel. Schnitzler*, 406 F.2d 319 (2 Cir. 1969). Changes in phraseology have not changed the substance of the motion. In the situation here presented, no evidentiary hearing is required.

It follows from the foregoing that petitioner is not entitled to Section 2255 relief. An order will be entered dismissing the petition to vacate judgment and sentence.