Nathaniel VINCENT, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 76–1037 C (1).

United States District Court,
E. D. Missouri, E. D.

Jan. 19, 1977.

Nathaniel Vincent, pro se.

Stephen B. Higgins, Asst. U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on petitioner's motions to vacate the judgment and sentence entered against him by this Court in 63 Cr 271, and for leave to amend his complaint. For the reasons stated below, the motions will be denied.

■ Petitioner was tried to a jury and found guilty on January 16, 1964, under a two-count indictment, and was sentenced to serve two consecutive ten-year terms. Count I of the indictment charged the unlawful transportation of heroin from the City of New York to St. Louis County, Missouri, in violation of 26 U.S.C. § 4724(b), and Count II charged the receipt and concealment of the same drug knowing that it had been unlawfully imported into the United States in violation of 21 U.S.C. § 174. The conviction was affirmed by the Eighth Circuit Court of Appeals in *Vincent v. United States*, 337 F.2d 891 (8th Cir. 1964), and the Supreme Court denied certiorari at 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281 (1965). Since that time, petitioner has filed numerous motions to set aside his conviction, which have been denied. Petitioner has brought this motion pursuant to 28 U.S.C. § 2255, once again contending that his conviction under both Counts I and II violates his Fifth and Sixth Amendment rights, in that he received a sentence under each count for the commission of only one offense. The constitutionality of the said statutes was upheld in *Vincent v. United States*, 488 F.2d 1109 (8th Cir. 1973). As noted by that Court, 28 U.S.C. § 2255 provides in pertinent part:

> "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

The petitioner has previously challenged his conviction under the two statutes on constitutional grounds and the statutes have been held to be constitutional on appeal. Therefore, this motion for similar relief is not cognizable under 28 U.S.C. § 2255, *Houser v. United States*, 508 F.2d 509 (8th Cir. 1974), and will not be entertained by this Court. Accordingly, petitioner's motion to vacate the judgment and sentence entered by this Court in 63 Cr 271, will be denied.

■ Petitioner has moved to amend his complaint to included himself and all others similarly situated as persons whose convictions should be declared null and void, contending that the exclusion of persons who do not register to vote from jury selection lists has resulted in the selection of juries which are not impartial as required by the Sixth Amendment to the United States Constitution. It was held in *Chance v. United States*, 322 F.2d 201, 203 (5th Cir. 1963), cert. denied, 379 U.S. 823, 85 S.Ct. 47, 13 L.Ed.2d 34 (1964), that the use of voter registration lists for the selection of jurors is not unlawful per se, and ". . . is unlawful only if such use is a subterfuge to exclude systematically and intentionally members of . . ." economic, social, religious, racial, political, or geographical groups or classes. Here, the petitioner expressly states that he is not raising a claim of racial discrimination, and he does not contend that any of the other above listed groups are being systematically excluded.

Accordingly, it is clear that petitioner's motion to amend is frivolous as a matter of law, and, therefore, the motion will be denied. See *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).