Lee Orville **REID**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 92–1234.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1992.

Decided Sept. 28, 1992.

Rehearing and Suggestion for Rehearing En Banc Denied Nov. 9, 1992.

Michael A. Gross, St. Louis, Mo., argued, for appellant.

Richard E. Monroe, Asst. U.S. Atty., Springfield, Mo., argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Lee Orville Reid appeals the District Court's [1] denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Reid had pleaded guilty to two sales of amphetamines in violation of 21 U.S.C. § 841(a)(1), for which he was sentenced to 78 months' imprisonment and three years' supervised release. Reid also had pleaded nolo contendere to using, by having available for use, a firearm at one of the drug sales in contravention of 18 U.S.C. § 924(c). In accordance with the minimum mandatory sentence required by that provision, the District Court sentenced Reid for the firearm count to imprisonment for five years consecutive to the 78–month sentence. Reid did not appeal, but instead, almost 23 months after sentencing, brought a motion for postconviction relief. The District Court denied that motion on the merits without an evidentiary hearing. We decline to reach the merits, but affirm the denial of the relief requested.

After signing a plea agreement, Reid attended his plea hearing and said that he wished to enter guilty pleas to the two counts of drug distribution. His counsel indicated that he wanted to plead nolo contendere to the gun charge. In response to the Court's questioning, he stated that he understood the drug-distribution charges and that a plea of guilty would result in a large sentence. The maximum penalties for the drug-dealing charges were listed. The Court advised Reid of his right to trial and explained that a plea of nolo contendere would not reduce the sentence imposed for the firearm count. After inquiring about the voluntary nature of the pleas of guilty, the Court accepted Reid's guilty and nolo contendere pleas.

Both the plea agreement and the presentence report mention the five-year mandatory sentence for the firearm count. At the plea hearing, Reid said that he had read and signed the plea agreement and had no questions about it. At the sentencing, he stated that he had read the presentence report and that he had no objection to it. Reid's counsel expressed some objections to the sentencing report, but these did not include the claims Reid now asserts.

On appeal, Reid contends that the District Court did not follow Rule 11(c)(1) of the Federal Rules of Criminal Procedure because the Court did not inform Reid in open court of the minimum mandatory statutory penalty for the firearm count, the nature of the charges against him, the maximum possible penalties, and the effect of any special-parole or supervised-release requirements, and did not determine if the defendant understood each of these matters. Reid also argues that because he himself never actually pleaded nolo contendere in so many words, he was denied his rights under Rule 11, and the Court was inadequately informed on whether this plea was knowing and voluntary. Reid also contends that he should have been sworn in before pleading and that he was not told of his rights and the consequences of his pleas until after he had pleaded. Although he read and was given the opportunity to contest the presentence report, Reid neither raised any of these issues at the plea hearing or sentencing nor filed an appeal addressing them.

The Supreme Court has stated that "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir.1987) (citing *Kaufman v. Unit-*

---

**1.** The Hon. Russell G. Clark, United States Dis- trict Judge for the Western District of Missouri.

*ed States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969)). Reid is barred from bringing an action under 28 U.S.C. § 2255 for unappealed errors to which no contemporaneous objection was made, unless he can show "both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady, supra*, 456 U.S. at 168, 102 S.Ct. at 1594.

Reid asks us to give him a chance to show that he lacked the information or capacity to appreciate sooner the claimed procedural shortcomings, and that his own negligence was not the cause of his lack of this information. However, Reid's lack of knowledge would not give him cause not to have pursued an appeal based on the procedural errors he now asserts; he was represented by counsel when he failed to object to the procedure at his plea hearing and sentencing, and when he failed to appeal his sentence directly. Nor does he argue before us that his lawyer was constitutionally ineffective in any way.

Reid cannot show prejudice, either. The District Court found that he was aware of the mandatory sentence because he had read the indictment, read and signed the plea agreement, and read and been given the chance to contest the presentence report, all of which advised of the five-year sentence. Reid also was aware that he was entering, in substance, a *nolo contendere* plea to the firearm count, and that his sentence would not be reduced by virtue of his pleading nolo contendere rather than guilty. Because Reid knew of both the plea and the sentence, he cannot show that the Court's failure to inform him of this sentence or to require that he, rather than his counsel, enter the plea, "worked to his *actual* and substantial disadvantage, infecting his [sentencing] ... with error of constitutional dimensions." *Frady*, 456 U.S. at 170, 102 S.Ct. at 1595. The evidence of Reid's understanding of the plea and sentencing indicates that any alleged procedural defects did not actually prejudice him.

Similarly, at the plea hearing, Reid stated that he understood the charges to which he was pleading guilty, and the government stated the maximum penalties for the drug-distribution counts. Moreover, Reid does not appear to have been actually prejudiced by the Court's failure to address the effect of any special-parole requirements. Finally, there is no indication that Reid would have pleaded differently had the District Court sworn him in, or advised him of his rights, or informed him in greater detail of the nature of the charges against him before his pleas were entered.

The errors alleged could have been raised at the time of sentencing or on direct appeal. Because Reid has shown neither cause for these omissions nor that the errors alleged prejudiced him, we affirm.