986 F.2d 502
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Xzavious Montrez BROWN, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 92-3049.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 6, 1993.
Filed: January 28, 1993.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Xzavious Montrez Brown, a federal inmate, appeals pro se the district court's[1] denial of his 28 U.S.C. § 2255 motion. We affirm the denial of the section 2255 motion, but remand the case to the district court so that the government may move to reduce Brown's sentence for substantial assistance rendered to the government.
 
 
 2
 In August 1990, Brown, represented by appointed counsel, pleaded guilty to conspiring to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and to money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 3147. The district court dismissed the remaining counts on the government's motion and sentenced Brown to one-hundred-twenty months imprisonment on the drug count and seventeen months imprisonment to be served consecutively on the money laundering count. Brown did not take a direct appeal.
 
 
 3
 In July 1992, Brown, pro se, filed this section 2255 motion, claiming his plea was involuntary and the district court committed sentencing errors. Brown stated that he had not previously raised these issues because at sentencing he was eighteen years old, he did not understand the law, and he could barely read and understand his case.
 
 
 4
 The district court summarily denied Brown's section 2255 motion on the merits without the government's response, and Brown appealed. The government now concedes that Brown is entitled to a reduction of his sentence for subsequent, substantial assistance, and the government assures us that it will file a motion if we remand the case.
 
 
 5
 We conclude that the section 2255 motion was correctly denied. Brown failed to show cause and prejudice "for unappealed errors to which no contemporaneous objection was made." Reid v. United States, 976 F.2d 446, 448 (8th Cir. 1992). Brown's youth, ignorance, and failure to understand his case at sentencing do not establish cause for his failure to pursue an appeal based on the errors he now asserts. See id. at 448. Brown's claim that he first saw his presentence report (PSR) when he went to prison is also insufficient cause. He was represented by counsel when he failed to object at sentencing and failed to appeal his sentence. He has not alleged that ineffective assistance of counsel was the reason why he did not see his PSR until he was in prison, and he abandoned his only ineffective assistance claim. Brown has neither alleged nor shown prejudice. He admits failing to object at sentencing. Moreover, on appeal, he does not challenge the district court's conclusion that it "fully informed [Brown] of the nature of each charge before he entered his plea."
 
 
 6
 Accordingly, we affirm the denial of Brown's section 2255 motion. We remand the case to the district court so that the government may file a motion to reduce the sentence.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas