989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Edmund Karl ARNDT, Sr., Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 92-3353.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 5, 1993.
Filed: March 12, 1993.
 
 Before FAGG, BEAM, HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Edmund Arndt, a federal prisoner, appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion. We affirm.
 
 
 2
 Arndt was indicted for his involvement in a cocaine conspiracy, in violation of 21 U.S.C. § 841(a)(1). Arndt, represented by counsel, agreed to plead guilty, and the government agreed to refrain from making specific sentence recommendations. After obtaining a presentence report (PSR) and conducting a hearing, the court determined Arndt to have a total offense level of 26, a criminal history category of IV, and a sentencing range of 92-115 months. The court sentenced Arndt to 110 months. Arndt did not appeal. The government later filed a motion under Federal Rule of Criminal Procedure 35(b), and the court reduced Arndt's sentence by twenty months.
 
 
 3
 Subsequently, Arndt moved pro se to vacate his sentence under section 2255. He argued that because the government failed to file an information stating the previous convictions it intended to rely on, as required by 21 U.S.C. § 851, the court should not have considered his prior convictions when it sentenced him and should have accorded him a criminal history category of I. The district court denied the motion. This appeal followed.
 
 
 4
 Arndt may not use this section 2255 motion as a substitute for the direct appeal he did not pursue. See Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987). A claim which could have been presented on direct appeal is not considered in a section 2255 proceeding absent a showing of cause for the failure to raise the issue and actual prejudice resulting from that failure. See Reid v. United States, 976 F.2d 446, 447-48 (8th Cir. 1992), cert. denied, U.S.L.W., (U.S., Feb. 22, 1993) (No. 92-7227). Arndt has not shown cause and prejudice.
 
 
 5
 In any event, Arndt's claim is meritless because he was sentenced under the Sentencing Guidelines, and the government did not move for enhancement of a statutory minimum or maximum. See United States v. Wallace, 895 F.2d 487, 490 (8th Cir. 1990) (section 851(a) relevant to enhanced statutory sentences; nothing in Guidelines requires filing of information in order to rely upon prior offenses). We note that the PSR included a list of Arndt's prior convictions, and Arndt's counsel objected to the court's use of several of them in calculating the sentence; Arndt cannot now claim lack of notice.
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota