989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Gregory J. COOKE, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-3206.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 24, 1993.
Filed: March 29, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gregory J. Cooke appeals from the District Court's[1] denials of his motion to correct his sentence under 28 U.S.C. § 2255 (1988) and a related motion. We affirm.
 
 
 2
 In 1986 a jury convicted Cooke of numerous drug and tax-related offenses. The District Court sentenced Cooke to twenty-five years in prison without parole, a committed fine of $100,000, and three years of special parole. We affirmed the convictions and sentences. United States v. O'Connell, 841 F.2d 1408, 1433 (8th Cir.), cert. denied, 487 U.S. 1210 (1988) and cert. denied, 488 U.S. 1011 (1989). Cooke subsequently brought these motions.
 
 
 3
 We decline to consider Cooke's arguments concerning the alleged illegality of the committed fine because Cooke defaulted on these claims by not raising them on direct appeal. See Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987) (absent adequate reason or excuse a section 2255 motion not substitute for direct appeal). Further, Cooke has not established cause for failure to raise these claims or actual prejudice resulting from the failure. See Reid v. United States, 976 F.2d 446, 447-48 (8th Cir. 1992), cert. denied, 61 U.S.L.W. 3584 (U.S. Feb. 22, 1993) (No. 92-7227).
 
 
 4
 We decline to consider the majority of Cooke's remaining arguments because they were not presented to the District Court. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.) (appellate courts will not consider issues not raised below unless injustice might otherwise result), cert. denied, 471 U.S. 1126 (1985). We have considered Cooke's argument that the District Court violated Federal Rule of Criminal Procedure 32(c)(3)(D) when it stated at the sentencing hearing that it would accept his objections to the presentence report as true, but subsequently stated in its written order that no factual findings had been made regarding the objectionable material because it was not considered in sentencing. We reject this argument. Although an inconsistency appears upon first glance, after reviewing the record it is evident that the District Court made no factual findings, but rather chose to disregard the objectionable material. This is an option under the rule, and Cooke has not demonstrated any prejudice from the District Court's action.
 
 
 5
 Accordingly, we affirm the judgment of the District Court.
 
 
 
 [1]
 The Honorable Robert G. Renner, Senior United States District Judge for the District of Minnesota