26 F.3d 126
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
James EDGAR, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-2182.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 1, 1994.
Filed: June 17, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 James M. Edgar appeals from the district court's[1] order denying his 28 U.S.C. Sec. 2255 motion to vacate the restitution portion of his sentence. We affirm.
 
 
 2
 In 1991, Edgar was convicted of bankruptcy fraud and conspiracy to commit bankruptcy fraud, in violation of 18 U.S.C. Secs. 152, 371. He was sentenced to twenty-four months incarceration and three years supervised release, and was ordered to pay $25,000 restitution to the bankruptcy court. Although Edgar appealed his sentence, he did not challenge the restitution order. This court reversed and remanded the case for resentencing because the district court, in setting the offense level, incorrectly calculated the intended loss. United States v. Edgar, 971 F.2d 89 (8th Cir. 1992).
 
 
 3
 On remand, the district court resentenced Edgar to twenty-one months incarceration and reinstated all other provisions of the prior sentence. Edgar did not appeal.
 
 
 4
 Edgar then filed this section 2225 motion to vacate the restitution order, arguing that it violated 18 U.S.C. Sec. 3663 because (1) he had already paid, and a third party was liable to pay, part of the $25,000, and (2) the $25,000 figure represented expenses and fees of the bankruptcy trustee, which are indirect losses not recoverable as restitution. The district court upheld the restitution order, but allowed Edgar a setoff for the $5000 he had paid to the trustee pursuant to a civil settlement.
 
 
 5
 Edgar may not use a section 2255 motion to raise issues he should have raised on direct appeal. See Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987). We therefore need not consider this challenge absent a showing of cause and prejudice. See Reid v. United States, 976 F.2d 446, 448 (8th Cir. 1992), cert. denied, 113 S. Ct. 1351 (1993). Edgar argues that he and his counsel did not become aware of the restitution issue until after the time for appeal had expired, and that the court's error is jurisdictional and would cause a fundamental miscarriage of justice. Edgar's alleged lack of knowledge does not constitute cause. The record shows that the third party's liability to the bankruptcy estate was established in bankruptcy court documents prior to Edgar's original sentencing, and the sentencing court clearly indicated that the restitution covered part of the trustee's fees. Further, Edgar does not claim he is actually innocent; therefore, the fundamental-miscarriage-of-justice exception would not apply. See Wallace v. Lockhart, 1994 WL 643 at * 3 (8th Cir. 1994).
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 7
 A true copy.
 
 Attest:
 
 8
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska