29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Charlie MURDOCK, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-3728.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 28, 1994.
Filed: July 1, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charlie Murdock appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence. We affirm.
 
 
 2
 Murdock and his codefendants Michael Wint and Stanley Bryan were found guilty of conspiring to distribute cocaine and aiding and abetting the distribution of cocaine, in violation of 21 U.S.C. Secs. 841(a)(1), 846, and 18 U.S.C. Sec. 2. Murdock and Wint were also found guilty of threatening codefendant and witness Bryan with the intent to influence his testimony. The defendants appealed their convictions, and Murdock argued, inter alia, that the district court erred in departing upward four levels in sentencing him based upon his death threats to Bryan. This court affirmed. United States v. Wint, 974 F.2d 961, 963 (8th Cir. 1992), cert. denied, 113 S. Ct. 1001 (1993).
 
 
 3
 Murdock then filed this section 2255 motion, arguing that (1) the district court erred in departing upward; (2) the court erred in departing on its own motion without adequate notice, in violation of Federal Rule of Criminal Procedure 32; (3) there was insufficient evidence to sustain his conviction for threatening Bryan; and (4) he was entitled to a two-level reduction for acceptance of responsibility. The district court denied the motion, determining that Murdock's first claim was foreclosed by this court's holding on direct appeal, and that his three remaining claims should have been raised on direct appeal.
 
 
 4
 We conclude the district court did not err in so ruling. See United States v. Kraemer, 810 F.2d 173, 177 (8th Cir. 1987) (per curiam) (section 2255 movant cannot raise same issues that have been decided on direct appeal); Reid v. United States, 976 F.2d 446, 447-48 (8th Cir. 1992) (when defendant could have presented claim on direct appeal, section 2255 court need not consider it absent showing of cause and prejudice), cert. denied, 113 S. Ct. 1351 (1993).
 
 
 5
 Murdock also argues the court erred in holding him accountable for drugs his co-conspirators distributed. Murdock failed to raise this issue at his original sentencing, on direct appeal, or in the district court below. See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993) (if issue is not raised below, this court will not reverse unless there is plain error resulting in miscarriage of justice), cert. denied, 114 S. Ct. 887 (1994); Reid, 976 F.2d at 447-48. In any event, the Guidelines provide that a defendant should be held responsible not only for his own acts but for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. Sec. 1B1.3(a)(1)(A) and (B).
 
 
 6
 Finally, Murdock argues for the first time in his reply brief that defense counsel was ineffective. "Generally, this court does not address arguments initially raised in reply briefs." Parmenter v. Federal Deposit Ins. Corp., 925 F.2d 1088, 1093 (8th Cir. 1991). We note, contrary to Murdock's allegations, that the sentencing transcript shows counsel argued against an upward departure. Murdock's request for appointment of counsel on appeal is denied.
 
 
 7
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota