Ernest COBBETT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 94–1779.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1994.

Decided Dec. 27, 1994.

Benedict P. Kuehne, Miami, FL, argued, for appellant.

Patricia A. McGarry, St. Louis, MO, argued, for appellee.

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.

WOLLMAN, Circuit Judge.

Ernest Cobbett pled guilty to a federal cocaine charge in 1989. There was no appeal. Three years later, Cobbett filed a 28 U.S.C. § 2255 motion to vacate his sentence. It is from the district court's order [1] denying this motion that Cobbett appeals.

 In general, where a criminal defendant cannot show good cause for his failure to appeal, even meritorious claims will be barred in post-conviction proceedings. *Reid v. United States,* 976 F.2d 446, 447–48 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1351, 122 L.Ed.2d 732 (1993). Cobbett, attempting to establish the required excuse or cause for his failure to appeal, alleges ineffective assistance of counsel. The chief allegation is that trial counsel wrongly told Cobbett that he could not appeal the sentence because he had pled guilty.

The government produced an affidavit by trial counsel stating that Cobbett was advised of the right to appeal his sentence and that Cobbett never requested an appeal. There has been no evidentiary hearing on what trial counsel told Cobbett concerning his appeal rights. Cobbett argues that such a hearing is required because of the conflict between his recollection and trial counsel's affidavit.

Even if trial counsel fails in the duty to inform a criminal defendant of his appeal rights, the defendant is not prejudiced if he otherwise had actual knowledge of his appeal rights. *Novak v. Purkett,* 4 F.3d 625, 627–28 (8th Cir.1993). In this case, after pronouncing sentence the district court carefully informed Cobbett of his right to appeal notwithstanding his guilty plea. Upon being asked by the district court whether he had any questions regarding the right to appeal that the court had just advised him of, Cobbett replied, "No, sir." Accordingly, even if we assume the truth of Cobbett's allegations regarding his trial counsel's omission, there is no need for an evidentiary hearing because the transcript of the sentencing hearing shows beyond doubt that Cobbett knew of his appeal rights.

Cobbett knew that he could appeal, but he failed to do so; he is therefore barred from seeking post-conviction relief under 28 U.S.C. § 2255. *Reid,* 976 F.2d at 448. Because of this procedural default or bar, we need not consider the merits of Cobbett's claims. *Id.*

The district court's order is affirmed.

---

1. The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri.