65 F.3d 172
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Thomas E. ANDREWS, Sr., Appellant,
v.
UNITED STATES of America, Appellee.
 No. 95-2532.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 10, 1995.
Filed: Sept. 6, 1995.
 
 Before McMILLIAN, MAGILL, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Thomas E. Andrews, Sr., a federal inmate, appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. Andrews pleaded guilty to conspiracy to distribute marijuana and use of a minor in a drug offense in violation of 21 U.S.C. Secs. 841, 846, and 861. The court sentenced him to seventy-two months of imprisonment and eight years of supervised release. Andrews did not appeal his sentence.
 
 
 2
 In this motion, Andrews alleged his counsel was ineffective for erroneously informing the court that he had reviewed the PSR with Andrews and for failing to correct inaccurate information. He also alleged various sentencing errors.
 
 
 3
 We review the district court's summary dismissal of a section 2255 motion de novo. Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir.1992). At sentencing, Andrews's counsel obtained correction of inaccuracies in the PSR concerning drug quantity and dates of criminal activity. Andrews did not explain what additional corrections should have been made, and thus he did not show how he was prejudiced. Accordingly, Andrews's ineffective assistance claim fails. See Strickland v. Washington, 466 U.S. 668, 690-94 (1984) (for ineffective assistance claim, must show both that counsel was objectively unreasonable and that prejudice occurred).
 
 
 4
 Although Andrews has not shown cause and prejudice for his failure to raise his remaining claims on direct appeal, see Reid v. United States, 976 F.2d 446, 448 (8th Cir.1992), cert. denied, 113 S. Ct. 1351 (1993), because the district court considered the merits of the claims, we likewise reach the merits, see Rogers v. United States, 1 F.3d 697, 699 (8th Cir.1993) (per curiam). We conclude the sentencing court did not clearly err in calculating drug quantity and in finding sufficient evidence for enhancements for Andrews's organizer role and the possession of a firearm by his co-conspirator. See United States v. Williams, 994 F.2d 1287, 1293 (8th Cir.1993) (district court's factual findings reviewed for clear error). Andrews's conclusory allegations of perjured testimony in his indictment were insufficient to set aside his conviction. See Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985) (conclusory allegations insufficient to require evidentiary hearing); Whitney v. United States, 513 F.2d 326, 330 (8th Cir.1974) (court did not address non-specific contention that prosecution knowingly used perjured testimony).
 
 
 5
 Accordingly, we affirm the district court's decision. We also deny Andrews's motion for appellate counsel as moot.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas