# United States Court of Appeals
## For the Eighth Circuit
_____

No. 14-2464
_____

Brian Lee Flowers

*Petitioner - Appellee*

v.

Tom Roy, Commissioner of Corrections

*Respondent - Appellant*
_____

No. 14-2465
_____

Brian Lee Flowers

*Petitioner - Appellee*

v.

Tom Roy, Commissioner of Corrections

*Respondent - Appellant*
_____

Appeals from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: February 10, 2015
Filed: March 4, 2015
[Unpublished]
_____

Before GRUENDER, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

The district court[1] granted Brian Lee Flowers relief under 28 U.S.C. § 2255. Forty-one days after the district court entered judgment, Minnesota Commissioner of Corrections Tom Roy filed both a motion for an extension of time to file a notice of appeal and a notice of appeal. The district court denied Roy's motion, finding neither excusable neglect nor good cause warranting an extension of the thirty-day deadline. Roy now appeals both the grant of relief under § 2255 (No. 14-2464) and the denial of his motion for an extension of time to file a notice of appeal (No. 14-2465).

We review for abuse of discretion the district court's decision to deny Roy's motion for an extension of time to file a notice of appeal. *See Treasurer, Trs. of Drury Indus., Inc. Health Care Plan & Trust v. Goding*, 692 F.3d 888, 892 (8th Cir. 2012). Under Federal Rule of Appellate Procedure 4(a), the district court may extend the thirty-day window for filing a notice of appeal if the moving party makes a showing of "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). This court considers four factors when determining whether excusable neglect or good cause for an extension exists: "(1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Goding*, 692 F.3d at 893. Of these

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

factors, "the excuse given for the late filing must have the greatest import." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000). Even when the other three factors weigh in favor of the movant, the court nevertheless may deny the motion for an extension of time if the movant does not present a valid reason for his delay. *See, e.g.*, *id.* at 463-64.

In his motion to the district court, Roy argued that good cause existed solely because of the nature of the issue presented in appeal No. 14-2464—whether the rule announced in *Miller v. Alabama*, 567 U.S. ---, 132 S. Ct. 2455 (2012), applies retroactively. Roy alleged that the issue was the subject of disagreement among federal district courts and that it thus warranted examination by this court. Though this rationale provided a strong justification for filing an appeal, it provided no excuse for Roy's failure to file a notice of appeal in a timely fashion. Given the absence of a valid excuse for Roy's undisputed tardiness, we find no abuse of discretion in the district court's decision denying his motion. *See Cobbett v. United States*, 43 F.3d 395, 396 (8th Cir. 1994) (finding no good cause and concluding that appeal was time barred when criminal defendant knew he had the right to appeal but failed to do so in a timely manner). We therefore affirm the ruling of the district court in appeal No. 14-2465.

Because Roy did not file a timely notice of appeal from the district court's order granting Flowers § 2255 relief, we lack jurisdiction to consider that order. *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (holding that the timely filing of a notice of appeal is a jurisdictional requirement). Accordingly, we dismiss appeal No. 14-2464 for lack of jurisdiction.

_____