UNITED STATES of America, Appellee,

v.

Gary MASSEY, Appellant.

No. 93–2177.

United States Court of Appeals,
Eighth Circuit.

Submitted April 10, 1995.

Decided April 26, 1995.

Jane Kelly, Asst. Federal Public Defender, Cedar Rapids, IA (Paul Papak, on the brief), for appellant.

Richard L. Murphy, Asst. U.S. Atty., Cedar Rapids, IA, for appellee.

Before LOKEN, HANSEN, and MURPHY, Circuit Judges.

PER CURIAM.

Gary Massey appeals his 126–month sentence imposed by the district court [1] after he pleaded guilty to conspiring to manufacture and conspiring to attempt to manufacture methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846, and failing to appear, 18 U.S.C. §§ 3146(a)(1), (b)(1)(A)(i), and 3147. We affirm.

Massey was sentenced with his two co-conspirators in a consolidated proceeding. Massey had stipulated to a base offense level of 34, and he agreed to waive any objections to quantity or sentencing adjustments in order to get straight to the government's U.S.S.G. § 5K1.1 downward-departure motion in his case. The government noted its motion would only permit the court to depart to the mandatory minimum 120–month sentence. The court sentenced Massey to 120 months of imprisonment on the drug count and 6 consecutive months of imprisonment on the failure-to-appear count, and five- and

1. The Honorable Donald E. O'Brien, Senior United States District Judge for the Northern District of Iowa.

three-year concurrent terms of supervised release.

On appeal, Massey argues for the first time that the district court erred in failing to determine at sentencing whether he and his co-defendants were capable of producing D-methamphetamine or L-methamphetamine. He argues the court applied the guideline for D-methamphetamine—which carries a more severe penalty than that for L-methamphetamine—without specifically finding that the object of this conspiracy was to manufacture D-methamphetamine.

■ Regardless of which type of methamphetamine was going to be manufactured in this case, the statutory mandatory minimum of 120 months would apply, *see* U.S.C. § 841(b)(1)(A)(viii), and Massey could not have been sentenced below this figure without a government motion under 18 U.S.C. § 3553(e), *see United States v. Stockdall*, 45 F.3d 1257, 1259 (8th Cir.1995). Massey stipulated to a base offense level of 34. We conclude Massey has waived the issue. *See United States v. Deninno*, 29 F.3d 572, 579–80 (10th Cir.1994) (although government must prove type of methamphetamine at sentencing by preponderance of evidence, defendant's failure to object to fact in PSR acted as admission of fact, i.e., type of methamphetamine involved; thus, defendant's failure to object to scoring of methamphetamine in effect waived issue for appeal), *cert. denied,* —— U.S. ——, 115 S.Ct. 1117, 130 L.Ed.2d 1081 (1995).

Accordingly, the judgment is affirmed.