UNITED STATES of America, Appellee,

v.

Michael Ray WARD, Appellant.

No. 94–3391.

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1995.

Decided May 23, 1995.

Denise D. Reilly, Minneapolis, MN, argued (David L. Lillehaug, on the brief), for appellee.

Deborah Kay Ellis, St. Paul, MN, for appellant.

Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Michael Ward pleaded guilty in 1991 to manufacturing methamphetamine, in violation of 21 U.S.C. § 841, and conspiring to manufacture methamphetamine, in violation of 21 U.S.C. § 846. Ward received a sentence of nine years and seven months in prison. The sentence was based on a finding

that he was responsible for 989 grams of D-methamphetamine. In this collateral attack on his sentence under 28 U.S.C. § 2255, Ward now claims that the drug in fact was L-methamphetamine, a substance that would carry a lesser penalty. He did not make this argument at the time of sentencing or on direct appeal from his conviction. The District Court[1] held that Ward's contention is procedurally barred. We agree and affirm.

The Presentence Report in Ward's case recommended a finding that Ward be held responsible for 989 grams of D-methamphetamine, a quantity of drugs that would produce a base offense level of 30. Both Ward and the United States objected to the Report. The government argued that the proper quantity was 1.794 kilograms, and the proper base offense level 32. Ward argued that the proper quantity was 144.7 grams, resulting in an offense level of 26 and a sentencing range of 70 to 87 months for a person with Ward's criminal history (category II). In the alternative, Ward's fallback position was that the Presentence Report was correct, and the proper quantity 989 grams. He argued that his offense level should then be 28, with a sentencing range of 87 to 108 months, claiming a two-level downward adjustment for acceptance of responsibility. The District Court, after considering both positions, found that the quantity suggested in the Presentence Report was correct, thus rejecting the position of the United States and agreeing with Ward's alternative position. A sentence of 115 months, which is within the Guideline range for a person with a base offense level of 30 and criminal-history category II, was imposed.

Ward now argues that the substance he was manufacturing was L-methamphetamine, not D-methamphetamine. This makes a big difference. Under the Guidelines as they existed at the time of the commission of the crime, as well as at the time of sentencing, a gram of D-methamphetamine was worth, for sentencing purposes, 25 grams of L-methamphetamine. If the substance involved in this case were L-methamphetamine, the base offense level would be 18 instead of 30, and

Ward would, at least presumptively, have received a much shorter sentence.

The difficulty, as the District Court held, is that this argument was never made until the commencement of the present collateral attack. The point was not made at the time of sentencing, neither was it made by Ward on direct appeal from his sentence. Collateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal. *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). To the fullest extent possible, all arguments, even constitutional or jurisdictional ones (and Ward's present argument hardly reaches either of these categories), should be made at trial and on direct appeal. See *id.; Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir.1993) (per curiam); *Reid v. United States*, 976 F.2d 446, 447 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1351, 122 L.Ed.2d 732 (1993); *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir.1987) (citing *Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969)); *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1117, 130 L.Ed.2d 1081 (1995).

Thus, even if Ward's present argument were the kind of fundamental error cognizable on collateral attack, instead of a garden-variety question of fact of the sort that will occur in almost every drug-offense sentencing, his procedural default would prevent us from reaching the argument. As Ward recognizes, a point not properly preserved at trial or on direct appeal cannot be reached in a § 2255 proceeding unless the petitioner can show both cause for the point's not having been previously raised and prejudice from the claimed legal error. See *Frady, supra,* 456 U.S. at 167–68, 102 S.Ct. at 1594–95. Ward makes no attempt to show either cause or prejudice here. Specifically, he does not argue that trial counsel was constitutionally ineffective for failing to urge that the substance was actually L-methamphetamine. Instead, Ward seeks to invoke the "actual innocence" exception, see *Sawyer*

1. The Hon. James M. Rosenbaum, United States District Judge for the District of Minnesota.

*v. Whitley,* —— U.S. ——, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). He is "actually innocent of the sentence," he argues, because the sentence was not based on the substance that he actually manufactured. If we were to accept this argument, every issue of fact material to a Guidelines sentence, and typically each case raises a multitude of such issues, could be litigated or relitigated on collateral attack. We reject this proposition. Justice does not require it. We see no reason whatever why this sort of contention, based as it is on evidence readily available to a defendant himself, could not easily have been made at the proper time. The judgment of the District Court, rejecting Ward's § 2255 petition on the ground of procedural bar, is

Affirmed.