UNITED STATES of America, Appellee,

v.

Gregory Phillip ROBINSON, Appellant.

No. 94–3563.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1995.

Decided Aug. 28, 1995.

Lewis W. Littlepage, argued, Little Rock, AR, for appellant.

Kevin T. Alexander, Asst. U.S. Atty., argued, Little Rock, AR, for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

HENLEY, Senior Circuit Judge.

In this appeal, we affirm the judgment of the district court[1] denying Gregory Robinson's motion filed pursuant to 28 U.S.C. § 2255.

On April 20, 1994, Robinson entered a plea of guilty to conspiracy to possess and distribute crack cocaine. After a hearing, the court accepted the plea and sentenced Robinson to 235 months. The clerk entered judgment on the conviction and sentence on July 11, 1994.

Starting in mid-August, Robinson filed numerous pro se motions, including a request for appointment of counsel and a motion referring to 28 U.S.C. § 2255. The court denied the motions without an evidentiary hearing. The court found all the motions irrelevant, except for the section 2255 motion. In that motion, Robinson claimed that counsel was ineffective because he failed to explain the consequences of a guilty plea and coerced the guilty plea by his "overall conduct." In rejecting Robinson's claim, the court found that the allegations of coercion were vague and unsubstantiated. Moreover, the court noted that it was "quite familiar with the circumstances of the plea" and that counsel, an experienced criminal attorney, had had several conferences with Robinson regarding the plea. The court also noted that at the plea hearing Robinson had stated he understood the consequences of the plea and was not coerced into pleading guilty. The clerk entered judgment on September 16, 1994.

On October 11, 1994, Robinson mailed a notice of appeal from prison. The threshold issue in this appeal is whether the notice of appeal is timely. Rule 4 of the Federal Rules of Appellate Procedure provides that a notice of appeal in a civil action must be filed within sixty days of entry of judgment if the United States is a party, Fed.R.App.P. 4(a), or in a criminal action within ten days after entry of judgment, Fed.R.App.P. 4(b), unless upon a motion demonstrating excusable neglect the district court extends the time for filing.[2]

■ Robinson's October 11 notice is untimely as an appeal from his July 11 conviction and sentence. It was not filed within ten days of the judgment; nor did Robinson motion the court for an extension of time due to excusable neglect. In addition, even if we construed Robinson's request for appointment of counsel as the " 'functional equivalent' of the formal notice of appeal[,]" *Smith*

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

2. We reject Robinson's argument that the ten-day time limit of Fed.R.App.P. 4(b) is unconstitutional as applied to indigent inmates who might be in a state of "flux" during the ten days. His argument ignores subsection (c) to Rule 4, which provides that an inmate's notice of appeal "is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing."

*v. Barry,* 502 U.S. 244, 248, 112 S.Ct. 678, 682, 116 L.Ed.2d 678 (1992), it would still be untimely.

 However, the October 11 notice is timely as an appeal from the September 16 denial of his section 2255 motion, a civil action. Although the notice does not designate that Robinson is appealing from the denial of that motion, as provided in Fed. R.App.P. 3, we "liberally construe the requirements of Rule 3." *Smith v. Barry,* 502 U.S. at 248, 112 S.Ct. at 681. We have held that an intent to appeal an order may be "apparent from the procedural history of the case." *Berdella v. Delo,* 972 F.2d 204, 208 (8th Cir.1992). Here, the procedural history evidences Robinson's intent to appeal from the denial of the section 2255 motion. The motion itself states that the judgment is "subject to [Robinson's] right of appeal ... from an adverse ruling."

As to Robinson's ineffective assistance claim, we agree with the district court that his allegations of coercion are vague and conclusory and do not warrant an evidentiary hearing. *See Voytik v. United States,* 778 F.2d 1306, 1309–10 (8th Cir.1985) ("vague allegations of [counsel's] impropriety and coercion" did not warrant evidentiary hearing). Moreover, "the transcript of the [guilty plea] hearing shows beyond doubt" that Robinson's plea was not coerced and he was aware that he was waiving certain rights, including his right to appeal the denial of his suppression motion.[3] *Cobbett v. United States,* 43 F.3d 395, 396 (8th Cir.1994).

Because Robinson has waived review of his fourth amendment claims, we do not address them. *See United States v. Jennings,* 12 F.3d 836, 839 (8th Cir.1994).

Accordingly, we lack jurisdiction to review Robinson's conviction and sentence. However, the judgment of the district court denying his section 2255 motion is affirmed.

---

**3.** We note that at the plea hearing the government stated that "Mr. Robinson ... agreed to waive any appeal of the suppression hearing and the [court's] findings."