_____

No. 95-2908
_____

Lawrence L. Koslowski; David J.   *
Koslowski,                         *
                                 *
       Appellants,          *  Appeal from the United States
                                 *  District Court for the
   v.                      *  District of South Dakota.
                                 *
United States of America,      *      [UNPUBLISHED]
                               *
       Appellee.            *


_____

Submitted:  December 28, 1995

Filed:  January 5, 1996
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Lawrence L. Koslowski and David J. Koslowski appeal the District Court's[1] denial of their joint 28 U.S.C. § 2255 (1988 & Supp. V 1993) motion. We affirm.

In a consolidated trial, the Koslowski brothers were convicted of conspiring to distribute and distributing methamphetamine, in violation of 21 U.S.C. §§ 841 and 846 (1994). Using the Guidelines for D-methamphetamine, their PSRs indicated, for Lawrence and David respectively, total offense levels of 30 and 28, criminal history categories of III and I, Guidelines ranges of 121 to 151 and 78 to 97 months, and a 60-month statutory mandatory minimum under

_____

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota.

§ 841(b)(1)(B). After reducing Lawrence's offense level to 28 for reasons not relevant on appeal and determining a Guidelines range for him of 97 to 121 months, the District Court sentenced Lawrence to 100 months imprisonment and five years supervised release, and sentenced David to the mandatory minimum of 60 months imprisonment and five years supervised release. The Koslowskis filed notices of appeal, but this Court subsequently granted their motions to dismiss. United States v. David Koslowski, No. 92-1671 (8th Cir. Apr. 9, 1992); United States v. Lawrence Koslowski, No. 92-1662 (8th Cir. Apr. 23, 1992).

The Koslowskis filed this motion attacking their sentences. They maintained that the District Court erred in sentencing them for D-methamphetamine because the government failed to establish the type of methamphetamine (D or L) they had sold, and that their separate attorneys were ineffective in failing to object to sentencing under the D-methamphetamine Guidelines. They further argued their "actual innocence" should excuse their failure to challenge their sentences on direct appeal.

We review de novo the denial of the Koslowskis' § 2255 motion and, as it was denied without an evidentiary hearing, should affirm only if the motion, files, and records conclusively show they were not entitled to relief. See United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 116 S. Ct. 224 (1995).

We conclude the Koslowskis waived any objections to the calculation of their sentences based on the D-methamphetamine Guidelines, because they did not raise the issue at sentencing or on direct appeal. See United States v. Ward, 55 F.3d 412, 413-14 (8th Cir. 1995) (requiring drug identity issue to be raised at sentencing or on direct appeal; also holding "actual innocence" exception does not excuse an otherwise procedurally barred claim, when factual issue related to guidelines sentence is presented).

-2-

To prevail on their ineffective-assistance claims, the Koslowskis needed to demonstrate their attorneys' "`representation fell below an objective standard of reasonableness' and that `there is a reasonable probability that, but for counsel['s] unprofessional errors, the result of the proceeding would have been different.'"  See Whitmore v. Lockhart, 8 F.3d 614, 616-17 (8th Cir. 1993) (quoted case omitted).  We conclude the Koslowskis did not show they were prejudiced by their attorneys' failure to object, because the Koslowskis did not rebut the government's evidence that subsequent testing revealed the substance was, in fact, D-methamphetamine.  Cf. Ward, 55 F.3d at 414 (noting contention that substance was L-methamphetamine, not D-methamphetamine, was based on "evidence readily available" to defendant).

We note David would have been sentenced at the statutory mandatory minimum of 60 months regardless which type of methamphetamine was sold.  See United States v. Massey, 57 F.3d 637, 638 (8th Cir. 1995) (per curiam) (noting sentence could not have been below statutory mandatory minimum, regardless which type of methamphetamine was involved).

Accordingly, we affirm the judgment of the District Court.

A true copy.

        Attest:


        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.