_____

No. 95-2849
_____

Billie Dean Gleason,                  *
                                       *
          Appellant,                   *
                                       * Appeal from the United States
     v.                                * District Court for the
                                       * Western District of Missouri.
United States of America,              *
                                       *        [UNPUBLISHED]
          Appellee.                    *

_____

               Submitted:  December 28, 1995

                 Filed:  January 5, 1996
                    _____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
                    _____

PER CURIAM.


     Billie Dean Gleason appeals the District Court's[1] denial of
his 28 U.S.C. § 2255 (1988) motion.  We affirm.


     Gleason was convicted after a trial by jury of conspiring to
distribute and distributing methamphetamine, in violation of
21 U.S.C. §§ 841 and 846 (1988).  Using the Guidelines for
D-methamphetamine, the PSR indicated a total offense level of 29,
a criminal history category of III, a Guidelines range of 108 to
135 months, and a 120-month statutory mandatory minimum under
§ 841(b)(1)(B).  The District Court sentenced Gleason to the
mandatory minimum of 120 months imprisonment for the drug charges,

_____

     [1]The Honorable Russell G. Clark, United States District Judge
for the Western District of Missouri.

a consecutive 12 months imprisonment pursuant to 18 U.S.C. § 3147 (1988) (providing for consecutive term of imprisonment of not more than 10 years when defendant committed instant offense while on bond), and eight years supervised release.

After this Court affirmed Gleason's convictions, United States v. Gleason, 980 F.2d 1183 (8th Cir. 1992), Gleason filed this motion attacking his sentence.  Gleason maintained that the trial court erred in sentencing him for D-methamphetamine because the government failed to establish the type of methamphetamine (D or L) he had sold, and that his trial counsel was ineffective in failing to object to sentencing under the D-methamphetamine Guidelines. The District Court concluded Gleason was procedurally barred from attacking his sentence because he failed to raise the issue at sentencing or on appeal, and denied the motion.

We review de novo the denial of Gleason's § 2255 motion and, as it was denied without an evidentiary hearing, should affirm only if the motion, files, and records conclusively show he was not entitled to relief.  See United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 116 S. Ct. 224 (1995).

We conclude Gleason waived any objections to the calculation of his sentences based on the D-methamphetamine Guidelines, because he did not object to his PSR and did not raise the issue on direct appeal.  See United States v. Ward, 55 F.3d 412, 413 (8th Cir. 1995).  Gleason's counsel was not ineffective for failing to object, because regardless which type of methamphetamine Gleason sold, the statutory mandatory minimum of 120 months applied.  See United States v. Massey, 57 F.3d 637, 638 (8th Cir. 1995) (per curiam) (noting sentence could not have been below statutory mandatory minimum, regardless which type of methamphetamine was involved).

Accordingly, we affirm the judgment of the District Court.

-2-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.