_____

No. 95-3400
_____

United States of America,          *
                                   *
            Appellee,              *
                                   *   Appeal from the United States
       v.                          *   District Court for the
                                   *   District of Nebraska.
Leroy Vanosdall,                   *
                                   *      [UNPUBLISHED]
            Appellant.             *

_____

            Submitted:  March 29, 1996

              Filed:  April 2, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


     Leroy Vanosdall challenges the 87-month sentence imposed by the
district court[1] after he pleaded guilty to conspiring to distribute and
possess with intent to distribute methamphetamine, in violation of 21
U.S.C. §§ 841(a)(1) and 846.  Counsel filed a brief pursuant to Anders v.
California, 386 U.S. 738 (1967), and Vanosdall was given an opportunity to
file a supplemental brief, but did not do so.  We affirm.


     Upon Vanosdall's objection to the quantity of methamphetamine the
presentence report (PSR) attributed to him, the district court held an
evidentiary hearing.  After Vanosdall and supplier Shari

_____

     [1]The Honorable Richard G. Kopf, United States District Judge
for the District of Nebraska.

Trompke testified, the court preliminarily found Vanosdall had received thirty-eight ounces (1077.3 grams) of methamphetamine from Trompke and her brother, Allen Trompke. Conservatively evaluating Shari's testimony, however, the court discounted this amount by "a 10 percent error factor" and held Vanosdall accountable for 969.57 grams of methamphetamine. The court sentenced Vanosdall to 87 months imprisonment, the top of the Guidelines range.

In his Anders brief, counsel first suggests the government failed to prove that the methamphetamine distributed to Vanosdall was d- rather than l-methamphetamine. Although the government bears the burden of proving the type of methamphetamine involved, see United States v. Wessels, 12 F.3d 746, 754 (8th Cir. 1993), cert. denied, 115 S. Ct. 105 (1994), we conclude Vanosdall waived this issue by not raising it in his objections to the PSR and by conceding at the evidentiary hearing that the case involved d-methamphetamine. Cf. United States v. Massey, 57 F.3d 637, 638 (8th Cir. 1995) (per curiam) (concluding that defendant waived objection to type of methamphetamine by not raising issue in district court and by stipulating to base offense level).

Second, counsel suggests the Trompkes "attributed an excessively high amount of methamphetamine" to Vanosdall. We conclude the district court's drug-quantity determination is not clearly erroneous. See United States v. Williams, Nos. 95-2968 & 95-2972, slip op. at 4 (8th Cir. Mar. 5, 1996) (standard of review). The court's credibility finding as to Shari is "virtually unreviewable" on appeal. See Wessels, 12 F.3d at 754. We note that Vanosdall received the benefit of the doubt, in that had the court held him accountable for 1077.3 grams, he would have received at least a 120-month sentence. See 21 U.S.C. § 841(b)(1)(A).

Third, counsel suggests the Guidelines do not apply and there is an irrational disparity between the penalties for d- and l-methamphetamine. We do not address these arguments because they

were not raised below and no plain error appears.  See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 114 S. Ct. 887 (1994).

Finally, counsel suggests there was insufficient evidence to support a sentence at the top of the Guidelines range.  We cannot review Vanosdall's 87-month sentence, as it is within the Guidelines range and he has not shown it resulted from an incorrect application of the Guidelines. See United States v. Garrido, 38 F.3d 981, 986 (8th Cir. 1994).

Having carefully reviewed the record, we have found no other nonfrivolous issues for appeal.  Penson v. Ohio, 488 U.S. 75, 80 (1988).

Accordingly, we affirm the judgment of the district court.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.