**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 95-5466

EMZY MONROE WALLS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Samuel G. Wilson, District Judge.
(CR-91-40)

Submitted: February 29, 1996

Decided: April 5, 1996

Before MURNAGHAN, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel K. Read, Jr., JESSEE & READ, P.C., Abingdon, Virginia, for
Appellant. Robert P. Crouch, Jr., United States Attorney, Karen B.
Peters, Assistant United States Attorney, Thomas E. Booth, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Emzy Monroe Walls pled guilty in November 1991 to conspiracy to possess methamphetamine and marijuana with intent to distribute. 21 U.S.C.A. § 841 (West 1981 & Supp. 1995). His offense involved 880 grams of methamphetamine. Walls was sentenced in February 1992 to 188 months imprisonment and his sentence was reduced to 120 months in July 1992 on the government's motion for a departure for substantial assistance. He did not appeal his sentence.

In April 1994, Walls filed a 28 U.S.C.A. § 2255 (1988) motion alleging error in that he had been sentenced on the assumption that the methamphetamine involved in his offense was D-methamphetamine rather than L-methamphetamine. At the time, the applicable guideline provided a lower sentence for an offense involving L-methamphetamine; one gram of methamphetamine was the equivalent of 1 kilogram of marijuana, while 1 gram of L-methamphetamine was the equivalent of 40 grams of marijuana. United States Sentencing Commission, Guidelines Manual, § 2D1.1, comment. (n.10) (Nov. 1991).* The government agreed to have Walls resentenced under the guideline range for an L-methamphetamine offense. Walls was resentenced to a term of 100 months. It is this sentence he appeals.

Before the resentencing, Walls filed objections to the original pre-sentence report. In addition to a recalculation of his base offense level, he requested a 3-level adjustment for acceptance of responsibility, USSG § 3E1.1, and argued that the special skill adjustment previously awarded for his ability to manufacture methamphetamine did not apply. USSG § 3B1.3.

_____

*A 1995 amendment to USSG § 2D1.1 eliminated the distinction. USSG App. C, amendment 518.

2

At sentencing, the district court found that the mandatory minimum sentence set out in § 841(b)(1)(A)(viii) applied to all forms of methamphetamine. Therefore, although Walls's base offense level of 26 and criminal history category III yielded a guideline range of 78-97 months, his guideline range was 120 months. USSG§ 5G1.1(b). Walls principally contests this ruling. We find no error.

Unlike the pre-1995 version of USSG § 2D1.1,§ 841 makes no distinction between types of methamphetamine. The mandatory minimum sentence thus applies whether D-methamphetamine or L-methamphetamine is involved. See United States v. Massey, 57 F.3d 637, 638 (8th Cir. 1995). The district court was thus correct in finding that Walls's guideline range was 120 months.

Because the guideline range could not have been less than 120 months, the adjustments for special skill and acceptance of responsibility had no effect on the sentence. Therefore, we find that Walls's challenges to these adjustments do not merit discussion or relief.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3