85 F.3d 630
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Loretta WALTON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2002.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1996.
 
 1
 Before: SILER and BATCHELDER, Circuit Judges; CARR, District Judge.*
 
 ORDER
 
 2
 Loretta Walton appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255. Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Walton was convicted of conspiring to distribute cocaine and to possess cocaine for intended distribution in violation of 21 U.S.C. § 846. On July 19, 1989, she was sentenced to 292 months of imprisonment and three years of supervised release. Her conviction and sentence were affirmed on direct appeal. United States v. Walton, 908 F.2d 1289, 1303 (6th Cir.), cert. denied, 498 U.S. 906, 989 and 990 (1990). On April 5, 1991, the district court reduced her sentence to 160 months of imprisonment under USSG § 5K1.1.
 
 
 4
 In her motion to vacate, Walton alleged that her sentence violated the Ex Post Facto and Due Process Clauses of the United States Constitution. The district court denied the motion on August 21, 1995, and it is from this judgment that Walton now appeals.
 
 
 5
 The denial of a § 2255 motion is reviewed de novo on appeal, although the district court's factual findings are reviewed for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). In order for Walton to prevail, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error that violated due process. See id. Even an error of constitutional dimensions may be considered to be harmless if it did not have a substantial and injurious effect or influence on the proceedings. See Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994). In addition, Walton must show cause and prejudice that would excuse the failure to raise her current claims on direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 6
 To establish cause, Walton must demonstrate that she was prevented from raising her current claims on direct appeal by an objective factor that was external to a constitutionally adequate defense. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Walton argues that her pro se pleadings should be construed liberally and that a § 2255 motion can be filed at any time. These arguments are not relevant to the cause requirement, as Walton was represented by counsel on direct appeal and there is no indication that the court considered her § 2255 motion to be untimely. Walton's argument that the cause and prejudice test only applies to non-constitutional claims is also clearly unavailing. See United States v. Ward, 55 F.3d 412, 413 (8th Cir.1995). Walton's failure to make a sufficient showing regarding cause independently precludes review of her motion on the merits. See Murray, 477 U.S. at 494-95. We note, nonetheless, that Walton has not established prejudice regarding her claims.
 
 
 7
 An ex post facto violation occurs when: 1) a law is applied to events that occurred before its enactment, and 2) application of the law disadvantages the defendant to whom it is applied. Miller v. Florida, 482 U.S. 423, 430 (1987). Walton alleged that the trial court violated the Ex Post Facto Clause by sentencing her under amendments to 21 U.S.C. §§ 846 and 841 that did not become effective until after her indictment was returned. She apparently argues that the sentence she received under the sentencing guidelines deprived her of the opportunity for parole and limited the amount of good time credit that was available to her.
 
 
 8
 Walton was not prejudiced by her failure to raise this argument on direct appeal because a similar argument was raised by her co-defendants and rejected by this court at that time. Walton, 908 F.2d at 1299. Furthermore, the term of incarceration that Walton received was authorized by the statutes that were in effect while the conspiracy was ongoing. At that time, 21 U.S.C. § 846 provided that the maximum punishment for a conspiracy violation could not exceed the maximum punishment prescribed for the offense that was the object of the conspiracy. The object of the conspiracy in Walton's case was the distribution of cocaine and the possession of cocaine for intended distribution. The penalty for this offense was governed by Public Law 99-570, which provided a maximum sentence of life imprisonment for the distribution of more than 5 kilograms of cocaine. 21 U.S.C. § 841(b)(1)(A)(ii). This provision is applicable because it became effective almost two years before the conspiracy ended and because the district court found that Walton was responsible for the distribution of at least 50 kilograms of cocaine. Walton, 908 F.2d at 1301. Thus, neither Walton's original sentence nor her reduced sentence of 160 months of imprisonment exceeded the sentence that was authorized by statute at the time of her offense.
 
 
 9
 Walton argues that Public Law 91-513 established the penalty that applies to the conspiracy in her case because that law was cited in other counts of the indictment, which charged her co-defendants with participating in a continuing criminal enterprise in violation of 21 U.S.C. § 848. However, there was no reference to Public Law 91-513 or 21 U.S.C. § 848 in count 1 of the indictment, the count under which Walton was convicted, which charged Walton and her co-defendants with conspiring to distribute cocaine and to possess cocaine for intended distribution. Walton also argues that she was sentenced under Public Law 100-690. However, that law did not become effective until several months after Walton was sentenced and there is no indication that she would have been disadvantaged even if it had been applied in her case.
 
 
 10
 Walton also alleged that her sentence violated the Due Process Clause of the Fifth Amendment because application of the sentencing guidelines deprived her of the opportunity for parole. As indicated above, the essence of this argument was rejected on direct appeal. Id. at 1299. Walton now argues that her co-defendants were sentenced under more lenient statutes that applied before the sentencing guidelines took effect. This argument was not presented to the district court, and we will not consider it for the first time on appeal. See Foster v. Barilow, 6 F.3d 405, 407-08 (6th Cir.1993).
 
 
 11
 Finally, Walton argues that she was entitled to an evidentiary hearing on her § 2255 motion. However, the district court did not abuse its discretion by not holding a hearing, as Walton did not raise specific factual issues that would have provided a basis for relief if they were proven at such a hearing and the existing record was adequate to resolve her claims. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation