**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 95-5307

LONNIE BROWN,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-94-50083)

Submitted: April 30, 1996

Decided: May 31, 1996

Before HALL, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. William D. Wilmoth, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lonnie Brown appeals from the imposition of a ten-year sentence for conspiracy to distribute methamphetamine and to possess with intent to distribute the same following a guilty plea. Brown seeks vacatur of his sentence and a new sentencing hearing. Brown's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one potentially meritorious issue, but noting that even were this issue decided in Brown's favor it would not affect the outcome of his case. Brown has filed a supplemental brief, but argues only the issue briefed by his attorney.

Specifically, Brown and his attorney argue that there was insufficient evidence to prove that the methamphetamine at issue was D-methamphetamine rather than L-methamphetamine. Unlike U.S.S.G. § 2D1.1 (1994), 21 U.S.C. § 841 (1988) makes no distinction between types of methamphetamine. The ten-year mandatory minimum sentence imposed when 100 or more grams of methamphetamine are involved thus applies whether the drug at issue is D-methamphetamine or L-methamphetamine. See United States v. Massey, 57 F.3d 637, 638 (8th Cir. 1995); United States v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995). Accordingly, so long as 100 or more grams were involved any error the district court may have made in sentencing Brown as if the methamphetamine was D-methamphetamine would have no effect on the length of his sentence and would therefore be no more than harmless error. Because we find that over 100 grams of methamphetamine were involved, we hold that this claim does not entitle Brown to the relief his seeks.*

_____

*We also grant the Government's motion to incorporate its brief as its response to Brown's pro se supplemental brief.

2

In accordance with the requirements of <u>Anders</u>, we have examined the entire record in this case and find no other meritorious issues for appeal. We therefore affirm Brown's sentence and require that counsel inform Brown, in writing, of his right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3