94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Edward BOWERS, Defendant-Appellant.
 No. 95-56689.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 22, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Kenneth Edward Bowers appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Bowers contends that: (1) he was erroneously sentenced because the government failed to prove he possessed d-methamphetamine, instead of l-methamphetamine; (2) his trial and appellate counsel were ineffective for failing to challenge the lack of proof of the existence of d-methamphetamine at sentencing; (3) the district court erred by denying the § 2255 motion without an evidentiary hearing. We have jurisdiction under § 1291, 2255. We review de novo, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.
 
 
 3
 Bowers did not challenge the government's failure to prove that he possessed d-methamphetamine at sentencing or on direct appeal. The district court thus determined that Bowers waived the claim in a § 2255 motion. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995).
 
 
 4
 We need not determine the waiver issue because Bowers received a mandatory minimum sentence of 10 years, based on his possession of more than 100 grams of methamphetamine. The statute under which Bowers received the mandatory minimum sentence draws no distinction between the isomers of methamphetamine. See 21 U.S.C. § 841(b)(1)(A)(vii) (requiring minimum sentence of 10 years for case involving "100 grams or more of methamphetamine, its salts, isomers, and salts of its isomers"); see also United States v. Massey, 57 F.3d 637, 638 (8th Cir.1995) (mandatory minimum in § 841 applies regardless of type of methamphetamine involved). Thus, a determination of which methamphetamine isomer Bowers possessed had no bearing on his sentence.
 
 
 5
 Bowers's ineffectiveness of counsel claim fails. As explained above, Bowers was subject to a mandatory minimum sentence regardless of which type of methamphetamine he possessed. Furthermore, according to government affidavits submitted to the district court, Bowers possessed d-methamphetamine, based on tests of preserved samples performed in 1992. Accordingly, Bowers can demonstrate no prejudice resulted from counsel's failure to challenge the government's proof at sentencing. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 The district court did not abuse its discretion by failing to hold an evidentiary hearing because Bowers's allegations, viewed against the record, show that he is entitled to no relief. See Quintero v. United States, 33 F.3d 1133, 1135 (9th Cir.1994) (per curiam). We deny Bowers's request to incorporate arguments from an unrelated appeal, and we find no merit to his remaining claims.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of the motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3