_____

No. 96-1424
_____

Reginald Ivy,                          *
                                       *
          Appellant,                   *
                                       * Appeal from the United States
     v.                                * District Court for the
                                       * Eastern District of Missouri.
United States of America,              *
                                       *    [UNPUBLISHED]
          Appellee.                    *


_____

                Submitted: November 7, 1996

                  Filed: November 25, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Reginald Ivy appeals the district court's[1] denial of his 28 U.S.C. §
2255 motion.  We affirm.


     In March 1994, Ivy pleaded guilty to being a felon in possession of
a firearm in violation of 18 U.S.C. § 922(g)(1); he was sentenced to thirty
months imprisonment, to be served consecutively to a state sentence for
first-degree assault.  Ivy did not appeal.


     Ivy filed this section 2255 motion, asserting as grounds for
relief (1) his prosecution was unlawful; (2) defense counsel
supplied false information; and (3) the sentence imposed exceeded

_____

     [1]The Honorable Jean C. Hamilton, Chief Judge, United States
District Court for the Eastern District of Missouri.

the maximum sentence authorized.  The district court granted the government's motion to dismiss and denied relief without an evidentiary hearing, reasoning that Ivy's claims were procedurally barred and could not be raised in a section 2255 motion absent a showing of cause and prejudice or a fundamental miscarriage of justice.  Ivy appeals.

This court affirms the summary denial of a section 2255 motion without an evidentiary hearing only if, upon a de novo review of the record, the court is persuaded that the motion, files, and records of the case conclusively show that the movant is not entitled to relief.  See Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992).

We agree Ivy is barred from raising his sentencing and statutory claims in a section 2255 motion.  See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam) (section 2255 not available to correct errors which could have been raised at trial or on direct appeal, absent showing of cause and actual prejudice or a fundamental miscarriage of justice); see also United States v. Ward, 55 F.3d 412, 413 (8th Cir. 1995) (all arguments-- including constitutional and jurisdictional ones--should be raised at trial or on direct appeal to the fullest extent possible; sentencing issue not constitutional or jurisdictional); Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994) (claim that statutory elements of crime not met, not constitutional or jurisdictional).

While a claim of ineffective assistance of counsel is cognizable in a section 2255 motion, see United States v. Magee, 19 F.3d 417, 420 (8th Cir.), cert. denied, 115 S. Ct. 343 (1994), Ivy's claim--which fails to allege how counsel was ineffective--is too vague and conclusory to merit relief.  See United States v.

<u>Robinson</u>, 64 F.3d 403, 405 (8th Cir. 1995) (movant's allegations of attorney coercion too vague and conclusory to warrant

evidentiary hearing).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.