103 F.3d 135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Reginald IVY, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 96-1424.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 7, 1996.
Filed Nov. 25, 1996.
 
 Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Reginald Ivy appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion. We affirm.
 
 
 2
 In March 1994, Ivy pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); he was sentenced to thirty months imprisonment, to be served consecutively to a state sentence for first-degree assault. Ivy did not appeal.
 
 
 3
 Ivy filed this section 2255 motion, asserting as grounds for relief (1) his prosecution was unlawful; (2) defense counsel supplied false information; and (3) the sentence imposed exceeded the maximum sentence authorized. The district court granted the government's motion to dismiss and denied relief without an evidentiary hearing, reasoning that Ivy's claims were procedurally barred and could not be raised in a section 2255 motion absent a showing of cause and prejudice or a fundamental miscarriage of justice. Ivy appeals.
 
 
 4
 This court affirms the summary denial of a section 2255 motion without an evidentiary hearing only if, upon a de novo review of the record, the court is persuaded that the motion, files, and records of the case conclusively show that the movant is not entitled to relief. See Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir.1992).
 
 
 5
 We agree Ivy is barred from raising his sentencing and statutory claims in a section 2255 motion. See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir.1993) (per curiam) (section 2255 not available to correct errors which could have been raised at trial or on direct appeal, absent showing of cause and actual prejudice or a fundamental miscarriage of justice); see also United States v. Ward, 55 F.3d 412, 413 (8th Cir.1995) (all arguments--including constitutional and jurisdictional ones--should be raised at trial or on direct appeal to the fullest extent possible; sentencing issue not constitutional or jurisdictional); Anderson v. United States, 25 F.3d 704, 706 (8th Cir.1994) (claim that statutory elements of crime not met, not constitutional or jurisdictional).
 
 
 6
 While a claim of ineffective assistance of counsel is cognizable in a section 2255 motion, see United States v. Magee, 19 F.3d 417, 420 (8th Cir.), cert. denied, 115 S.Ct. 343 (1994), Ivy's claim--which fails to allege how counsel was ineffective--is too vague and conclusory to merit relief. See United States v. Robinson, 64 F.3d 403, 405 (8th Cir.1995) (movant's allegations of attorney coercion too vague and conclusory to warrant evidentiary hearing).
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri