# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-1343

———————

James F. Tierney,                                          *
                                                          *
        Appellant,                                *
                                                          *   Appeal from the United States
    v.                                                    *   District Court for the
                                                          *   District of Nebraska
Nebraska Department of Education,                          *
                                                          *        [UNPUBLISHED]
        Appellee.                                 *

———————

Submitted:   December 7, 1999

Filed:   January 24, 2000

———————

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

———————

PER CURIAM.

James F. Tierney appeals from the final order entered in the District Court[1] for the District of Nebraska denying his Fed. R. Civ. P. 60(b) motion.  For the reasons discussed below, we affirm.

Tierney filed this action pro se against the Nebraska Department of Education (the State), alleging the State thrice failed to hire him because of his disability and his

———————

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

age, in violation of federal and state law. The district court granted summary judgment to the State and entered judgment dismissing the case on December 8, 1998. On December 28, 1998, Tierney filed a "brief requesting new trial," which the district court construed as a Rule 60(b) motion and denied on December 30, 1998. On January 26, 1999, Tierney filed a notice of appeal, designating the December 30 order; on appeal, however, he argues the merits of the December 8 summary judgment order.

Because Tierney filed the Rule 60(b) motion on December 28--more than ten days after judgment was entered on December 8--the time for filing a notice of appeal was not tolled. See Fed. R. App. P. 4(a)(4)(A)(vi) (time for filing notice of appeal is tolled if Rule 60(b) motion is filed within 10 days of judgment's entry); see also Fed. R. Civ. P. 6(a) (computation of time period). Thus, Tierney had thirty days from December 8 in which to appeal the grant of summary judgment to the State. See Fed. R. App. P. 4(a)(1)(A) (appellant has 30 days from entry of judgment to file notice of appeal). Because Tierney did not appeal until January 26, the notice of appeal was untimely filed and we lack jurisdiction to review the order granting summary judgment. See United States v. Robinson, 64 F.3d 403, 404-05 (8th Cir. 1995) (noting this court lacks jurisdiction to review untimely appeal).

Although Tierney's notice of appeal is timely as to the December 30 order denying his Rule 60(b) motion, such a motion is "not a substitute for appeal." Fox v. Brewer, 620 F.2d 177, 180 (8th Cir. 1980). In reviewing the denial of a Rule 60(b) motion, we determine only whether the district court abused its discretion in denying relief from the judgment. See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988). We conclude the district court did not abuse its discretion in this case: Tierney's "new trial" motion did not allege any grounds for post-judgment relief, but merely reasserted the merits of his failure-to-hire claim. See Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999) (Rule 60(b) authorizes relief based on certain enumerated circumstances, and is "not a vehicle for simple reargument on the merits"); Sanders v. Clemco Indus., 862 F.2d at 169 (appeal from denial of Rule 60(b) motion does not

raise underlying judgment for review). Further, we conclude Tierney did not otherwise demonstrate exceptional circumstances warranting Rule 60(b) relief. <u>See</u> <u>Brooks v. Ferguson-Florissant Sch. Dist.</u>, 113 F.3d 903, 904 (8th Cir. 1997) (Rule 60(b) movant must demonstrate "exceptional circumstances" to justify relief).

Accordingly, we affirm the order of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.